THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JERRY L. COCHRANE

        Plaintiff,                            Case No. 06-12504

vs.

                                             HONORABLE PAUL D. BORMAN
                                             HONORABLE STEVEN D. PEPE

JOSEPH WILSON,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a pro se prisoner civil rights action brought under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the St. Louis Correctional Facility (SLF) in St. Louis, Michigan. Defendants are Joseph Wilson, his Parole Agent, and Bradford Curry, the Parole Supervisor. In his Complaint, Plaintiff alleges that Defendants lied in his parole documents, indicating that Plaintiff had a parole condition to live at the Buena Vista Corrections Center, when in fact his parole order indicated he was to live with his mother, Luella Cochrane. As a result, Plaintiff claims he was erroneously found to have violated a parole condition, maliciously prosecuted and illegally incarcerated at the Saginaw Buena Vista Correction Center. He seeks that this Court compel the Saginaw Buena Vista Correction Center to pay for any and all reasonable expenses incurred from the filing of his action, and that he recover $50.00 a day from the date of October 28, 2004, until the Court renders its decision.

On February 20, 2007, Defendants filed their Rule 56(b) motion for summary judgment

1

claiming that Plaintiff cannot bring this action under 42 U.S.C. § 1983, but must proceed by way of habeas corpus. Furthermore, Defendants assert they are entitled to absolute witness immunity with regard to their testimony at the parole revocation hearing and the related criminal proceedings, and to at least qualified immunity with regard to the preparation of the parole violation report and related proceedings. All pretrial matters were referred on June 14, 2006, pursuant to 28 U.S.C. § 636 (b)(1)(A) (Dkt. #5). For the reasons, indicated below, it is **RECOMMENDED** that Defendants' motion for summary judgement be **GRANTED**.

**I.    BACKGROUND**

Plaintiff paroled on August 6, 2004 (Dkt. #23, Ex. 1, p. 2, ¶ 5). He met with Defendant Wilson on August 10, 2004, to go over the parole conditions. One of the conditions of his parole was to enter the STOP Program. The STOP Program requires that parolees call a toll-free number daily to see if they have to give a urine sample or breathalyzer sample. If they fail to comply with either the STOP Program rules or other parole conditions, they can be incarcerated at the Corrections Center (in lieu of jail pending return to prison). Because Plaintiff was in the STOP Program, Special Condition 3.8, concerning living in the Corrections Center should have been included in the original parole papers (*Id*.). As Defendants concede, however, this was not originally the case. Yet, Defendant Wilson added that condition on August 10, 2004, and Plaintiff signed the form acknowledging that additional condition (*Id.* at ¶ 7; *see also Id.* at Att. 1C & Att. 1D). The Parole Board added Special Condition 3.8 on August 16, 2004.

On October 20, 2004, Plaintiff was required to give a urine sample (Dkt. #23., Ex. 2, p. 2, ¶ 10). He failed to do so, and Defendant Curry ordered Plaintiff to enter and remain at the Buena Vista Corrections Center. Instead, Plaintiff left the facility later that day. He returned later, and

2

again Defendant Curry ordered him to stay.

On October 21, 2004, Defendant Wilson attempted to serve Plaintiff with two counts of parole violation for his failure to stay at the Correction Center as ordered on October 20, 2004 (*Id.* at ¶ 12; Dkt. #23, Ex. 1, p 3, ¶ 10). Plaintiff became very upset and loud, and refused to sign the forms (*Id.*). He then complained of chest pains, and was sent to the hospital (Dkt. #23, Ex. 1, p 3, ¶ 11). Plaintiff returned later that day with a prescription for medication for a urinary tract infection. On October 22, 2004, Defendant Curry removed Plaintiff from the STOP Program for medical reasons (*Id.* at ¶ 13).

On November 1, 2004, Plaintiff was served with Notice of a Preliminary Parole Violation Hearing. Such a hearing was held on November 4, 2004, and probable cause was found that Plaintiff had violated his parole by not staying at the Corrections Center as ordered (Id. at ¶ 15; *see also*, Dkt. #23, Ex. 2, p. 3, ¶ 12). Having received a positive finding on the parole violation, Plaintiff remained housed at the Corrections Center pending an Area Manager's decision on how to proceed.

On November 16, 2004, Plaintiff was served with Technical Rule Violator ("TRV") papers, which he refused to sign (Dkt. #23, Ex. 1, p. 3, ¶¶ 16-17). On that same date, the Area Manager advised that Plaintiff would be returned to prison. Plaintiff was to be secured and taken to jail awaiting a transport to prison. Yet, when it came time for Plaintiff to go to prison, he became upset, threatened to assault staff, threw a table, and ran out of the building into the woods (*Id.* at ¶ 19). He was later apprehended by the police and a K-9 unit.

Plaintiff was charged with four felonies as a result of the incident. A jury convicted him of three felonies on November 6, 2006, and Plaintiff was sentenced on November 29, 2006.

Plaintiff was found guilty of Assault on a Prison Employee (sentenced to 58 months to 15 years); Prison Escape (sentenced to 76 months to 20 years); and Resisting and Obstructing Arrest/Assault on Parole Office (sentence to 46 months to 15 years) (Dkt. #23, Ex. 2, p. 3, ¶ 16).

## II. ANALYSIS

### A. The Legal Standards

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Moreover, when a motion for summary judgment is filed, the adverse party may not merely rely

"upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## B. **Factual Analysis**

In *Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (1973), the United States Supreme Court held that suits challenging the fact or duration of a state prisoner's confinement or seeking immediate or speedier release must be brought under the habeas corpus statute and not §1983.[1] The Court expanded its discussion in *Heck v. Humphrey,* 512 U.S. 477, 484-87 (1994), explaining that the requirement in malicious prosecution actions of the termination of the prior criminal proceeding in favor of accused avoids parallel litigation over issues of probable cause and guilt, and it precludes the possibility of plaintiff succeeding in tort action after having been convicted in underlying criminal prosecution, in contravention of strong judicial policy against creation of two conflicting resolutions arising out of same or identical transaction. Thus, to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such

---

[1] Similarly, in *Wilkinson v Dotson*, 544 US 74, 81-82 (2005), in reviewing a number of prior cases concerning such matters, the Court held:

> These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Id.*

determination, or called into question by federal court's issuance of writ of habeas corpus.

In this case, both the validity and duration of Plaintiff's re-confinement are at issue. Plaintiff is complaining that the Defendants lied, stating that he was required to live at the Corrections Center, and thus his parole was revoked after a hearing. Plaintiff also alleges that the Defendants lied at the preliminary examination hearing on the felony charges, and thus he was being maliciously prosecuted. As noted above, Plaintiff was found guilty of the criminal charges. The chief argument presented in Plaintiff's Complaint is that had Defendants not testified falsely, Plaintiff's parole would not have been revoked. Plaintiff also appears to be asserting that if the Defendants had not lied at the preliminary examination, he would not have been bound over and prosecuted on felony charges. In either instance, a finding by this Court that Defendants testified falsely or filed false parole documents would "necessarily demonstrate the invalidity of [plaintiff's parole revocation and] confinement or [the] duration of [plaintiff's] confinement." *Wilkinson v Dotson*, 544 US at 82.

*Heck* thus precludes Plaintiff's §1983 claims because, if Plaintiff were to succeed on the merits (i.e., prove that he was falsely imprisoned and/or illegally prosecuted), the judgment would necessarily imply the invalidity of his sentence. *Shamaeizadeh v. Cunigan,* 182 F.3d 391, 396 n. 2 (6th Cir.1999)("Proof of illegality of the conviction is a necessary element of a § 1983 cause of action . . . when . . . the §1983 plaintiff seeks damages for an allegedly unconstitutional conviction or imprisonment."). Therefore, this Court may not consider Plaintiff's federal claims unless and until his sentence or conviction is overturned. *See Heck*, 512 U.S. at 486-87. Because success on this action would demonstrate the invalidity of Plaintiff's re-confinement in prison, Plaintiff is required to seek relief by way of a writ of habeas corpus and may not proceed

by way of this civil action under 42 U.S.C. § 1983. Accordingly, this case is not cognizable and Defendants' motion for summary judgment should be granted.[2]

## III.  RECOMMENDATION

For the reasons indicated below, it is **RECOMMENDED** that Defendants' motion for summary judgment be **GRANTED.** The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

---

[2] Defendants may also be immune from prosecution due to absolute witness immunity with regard to their testimony at the parole revocation hearing and the related criminal proceedings, and/or qualified immunity with regard to the preparation of the parole violation report and related proceedings. As the above analysis is dispositive of this matter, it is not necessary to proceed with a discussion of Defendants' other possible defenses.

Date: June 25, 2007                                    s/Steven D. Pepe
Flint , Michigan                                       United States Magistrate Judge


CERTIFICATE OF SERVICE

       I hereby certify that on June 26, 2007, I electronically filed the foregoing paper with the Clerk  Court using the ECF system which will send electronic notification to the following: Christine M. Campbell, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Jerry Cochrane #210173, St. Louis Correctional Facility, 8585 N. Croswell Rd., St. Louis, MI 48880

                                                            s/ James P. Peltier
                                                            James P. Peltier
                                                            Courtroom Deputy Clerk
                                                            U.S. District Court
                                                            600 Church St.
                                                            Flint, MI 48502
                                                            810-341-7850
                                                            pete_peliter@mied.uscourts.gov